IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kimberly Arnold and Hope Yarborough, | Civil Action No.: 2:16-1359-BHH |
| Plaintiffs, | |
| vs. | |
| WILLIAM WELCH, a.k.a. BILL WELCH, Individually and In His Official Capacity As Officer of the South Carolina Department of Corrections; MARIAN BOULWARE, Individually and In Her Official Capacity As Warden of Goodman Correctional Institution; LIEUTENANT E. GRISSET, Individually and In Her Official Capacity As Officer of the South Carolina Department of Corrections at Goodman Correctional Institution; SARGENT ELMA DORSEY, Individually and In Her Official Capacity As Officer of the South Carolina Department of Corrections; CAROL SCOTT, Individually and In Her Official Capacity As Officer of the South Carolina Department of Corrections; RAYFORD MILLER, Individually and In His Official Capacity As Officer of the South Carolina Department of Corrections; LIEUTENANT BARBARA BRYANT, Individually and In Her Official Capacity As Officer of the South Carolina Department of Corrections; MAJOR FRANSCINA GILLARD, Individually and In Her Official Capacity As Officer of the South Carolina Department of Corrections; CAPTAIN CHARLES BREVARD, Individually and In His Official Capacity As Officer of the South Carolina Department of Corrections; and M. TAYLOR, Individually and In Her Official Capacity As Employee of the South Carolina Department of Corrections, | **ORDER AND OPINION** |
| Defendants. | |

1

Plaintiffs Kimberly Arnold and Hope Yarborough ("Plaintiffs"), through counsel, filed this action pursuant to 42 U.S.C. § 1983 against employees of the South Carolina Department of Corrections ("SCDC"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Mary Gordon Baker, for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation ("Report") which recommends that Defendants' motion for summary judgment be granted. (ECF No. 65.) Plaintiffs filed timely objections to the Report. (ECF No. 66.) For the reasons set forth herein, the Court grants summary judgment on a limited subset of Plaintiffs' claims, dismisses certain Defendants, denies summary judgment on the remainder of Plaintiffs' claims, and recommits the matter with instructions. The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here, summarizing below only in relevant part.[1]

## BACKGROUND

In this § 1983 action, Plaintiffs allege that Defendant William Welch ("Welch"), a prison guard employed by SCDC, repeatedly sexually assaulted them over a course of months and years while they were inmates in the SCDC. (*See* ECF No. 20.) Plaintiffs further allege that when they reported the assaults, Welch's supervisors implicitly condoned his conduct by punishing them—for knowingly making a false statement—rather than punishing Welch. (*Id.*)

Defendants filed a motion for summary judgment on October 9, 2017. (ECF No. 46.) Plaintiffs responded on November 22, 2017, and Defendants replied on December 6, 2017. (ECF Nos. 55 & 58.) Magistrate Judge Baker issued her Report on July 23,

---

[1] As always, the Court says only what is necessary to address Plaintiffs' objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

2

2018. (ECF No. 65.) Plaintiffs filed objections on August 6, 2018, and Defendants replied to those objections on August 20, 2018. (ECF Nos. 66 & 67.) The matter is ripe for adjudication and the Court now issues the following ruling.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**DISCUSSION**

Based on an extensive review of the facts and evidence, the Magistrate Judge recommends granting summary judgment in favor of Defendants' on all of Plaintiffs' claims. First, the Magistrate Judge observes that Plaintiffs failed to respond to Defendants' arguments for summary judgment as to all official capacity claims and for failing to state a claim against Defendants Grisset, Dorsey, Scott, Miller, Bryant, Taylor, and Brevard. (ECF No. 65 at 2 n.1.) As Judge Childs has rightly noted, "[W]here a party fails to respond to the opposing party's argument in support of the opposing party's

3

motion for summary judgment, the party who fails to respond will be found to have conceded to that argument." *Jenkins v. Pate*, No. 5:15-cv-02241-JMC-KDW, 2016 WL 5799313, at *14 (D.S.C. May 26, 2016), *report and recommendation adopted*, No. 5:15-cv-02241-JMC, 2016 WL 5661700 (D.S.C. Sept. 30, 2016), *appeal denied*, 722 F. App'x 345 (4th Cir. 2018) (citations omitted). The Court finds that Plaintiffs have indeed failed to respond to the arguments in question, and have thus conceded those arguments. Accordingly, the Court grants summary judgment as to all the official capacity claims and as to Defendants Grisset, Dorsey, Scott, Miller, Bryant, Taylor, and Brevard. The Court hereby dismisses that limited subset of Defendants from this lawsuit.

Second, the Magistrate Judge concludes that Defendants have failed to show that Plaintiffs did not comply with the Prison Litigation Reform Act ("PLRA") as to their initial grievances relating to Defendant Welch's alleged conduct. Specifically, the Magistrate Judge found that a genuine issue of material fact exists as to whether Plaintiffs exhausted their administrative remedies under the PLRA because there are no SCDC policies in the record that are relevant to the time period of alleged sexual abuse. (*See* ECF No. 65 at 11-12.) The Court agrees with the analysis in the Report on this point and adopts the Magistrate Judge's finding, to which neither Plaintiffs nor Defendants have objected.

Third, the Magistrate Judge concludes that Plaintiffs' claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997). At the end of the Report, Magistrate Judge Baker reflects on being disturbed by the harsh result that the law, as she reads it, imposes on Plaintiffs' claims. "Without question," she writes, "a genuine issue of material fact exists as to whether the Plaintiffs' substantive allegations against Defendant Welch are true." (ECF No. 65 at 16.) Nevertheless,

4

Magistrate Judge Baker concludes that the instant § 1983 claims are barred by the *Heck-Edwards* line of cases because, if either Plaintiff successfully prosecuted her § 1983 claim—by showing that Welch sexually assaulted her—that result would be in direct conflict with her corresponding disciplinary sanction for knowingly making a false report about the alleged sexual assaults. (*See* ECF No. 65 at 13-16.) In the end, Magistrate Judge Baker laments, "[w]hat the law requires in this case is that the Plaintiffs are denied their day in court on serious and otherwise viable sexual assault claims because of the results of a prison disciplinary proceeding," an outcome that she believes "is neither fair nor just." (*Id.* at 16.)

Plaintiffs object to the Magistrate Judge's conclusion that *Heck* and its progeny bar their § 1983 claims, asserting that the *Heck-Edwards* line of cases applies only where a prisoner, without first obtaining a favorable determination through state court review or federal habeas corpus procedures, seeks relief under 42 U.S.C. § 1983 that would implicitly question the validity of or duration of her sentence. (ECF No. 66 at 3 (citing *Muhammad v. Close*, 540 U.S. 749, 752 (2004).) Plaintiffs argue that resolution of their allegations regarding Welch's assaultive and harassing conduct will have no effect whatsoever on their underlying convictions or sentences, nor would such resolution impliedly question the validity of those convictions or sentences. (*Id.*) Plaintiffs further assert that they were threatened and felt as if they had no choice but to accept disciplinary sanctions for making putatively false reports—their only other choice having been to risk more serious sanctions when the relevant prison officials already believed they were lying. (*Id.*) Accordingly, Plaintiffs request that the Court both deny the motion for summary judgment and stay the proceedings in order to allow further discovery into the issues of potential fraud, coercion, and threats, which had the alleged effect of

5

denying due process to Plaintiffs during the disciplinary hearing procedures. (*Id.* at 3-4.)

Defendants reply by arguing, first, that there is no evidence Plaintiffs were forced, coerced, or intimidated from participating in the grievance process, and that they should be held to their self-serving election to accept administrative resolution of the charges for lying and associated waiver of rights to appeal that result.[2] (ECF No. 67 at 1-5.) Second, Defendants argue that *Heck* applies to prison disciplinary hearings, and rely on the Seventh Circuit Court of Appeals' decision in *Lewis v. Richards*, 107 F.3d 549 (7th Cir. 1997), for the proposition that Plaintiffs' charges must first be overturned in order for their § 1983 claims to go forward. (*Id.* at 5-8.) If prison officials falsely accused Plaintiffs of lying, Defendants reason, Plaintiffs should have brought that out in the disciplinary hearing process. (*Id.* at 7.) Otherwise, Defendants aver, Plaintiffs may not use a § 1983 action to overturn their own admission of guilt during the administrative resolution of the charges. (*Id.*)

With the utmost respect to the Magistrate Judge—who made her recommendation based upon an admirable commitment to follow the rule of law in spite of subjective misgivings—the Court begins by finding that *Heck* and its progeny do not bar Plaintiffs' § 1983 claims. The gravamen of those claims is Plaintiffs' core allegation that Defendant Welch repeatedly harassed and assaulted each of them, in a similar manner, over an extended period of time. Certainly, the sexual assault allegations do not bear upon the validity of Plaintiffs' underlying convictions or sentences (as distinct from the prison disciplinary proceedings). In *Heck*, the U.S. Supreme Court held:

---

[2] Plaintiffs were presented with a form entitled, "Inmate's Acceptance of Informal or Administrative Resolution," and given the choice to mark one of the following: (1) "**Yes**, I accept the sanction listed above. I understand that I have the privilege of requesting this case be referred to a disciplinary hearing, and I waive that privilege. I further agree that by accepting this informal or administrative resolution, I waive all appeals, including those pursuant to Al-Shabazz v. State."; or, (2) "**No, I do not** want to accept the sanctions listed above and request that this case be referred to a disciplinary hearing." (ECF Nos. 46-9 & 46-10 (emphasis in original).) Plaintiffs both marked "Yes" and signed their respective forms. (*Id.*)

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages *bearing that relationship to a conviction or sentence* that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-87 (emphasis added). Further elucidating the "other harm" category it had just set forth, the *Heck* court stated:

> An example of this latter category—a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful—would be the following: A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. . . . He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata . . . the § 1983 action will not lie.

*Id.* n.6 (emphasis in original). In the view of the undersigned, the rule set forth in *Heck*, and the example given to explain the rule, do not contemplate the circumstances present here—where the prison disciplinary proceedings that would be invalidated by Plaintiffs' successful prosecution of their § 1983 claims *arose from*, and were *inextricably intertwined with*, Plaintiffs' *reporting* of the harm allegedly suffered.

Prison officials made credibility determinations in favor of Welch and against Plaintiffs based upon polygraph examinations conducted in the course of their investigation of Plaintiffs' reports. Plaintiffs were charged with lying as a result of those credibility determinations. Not surprisingly, Plaintiffs accepted administrative resolution of the charges, rather than proceeding to formal disciplinary hearings. As Magistrate Judge Baker observed, "Plaintiffs accepted the disciplinary sanctions without counsel and with the knowledge that the 'judge' and 'jury' at their disciplinary hearing would be a prison official who worked for the same prison system as the person they accused of sexual assault and who had interviewed them on the day they reported Welch's alleged conduct." (ECF No. 65 at 16.) The undersigned would note a serious moral hazard that emerges from a situation in which alleged victims of prisoner abuse risk *unknowing*[3] forfeiture of their claims when they, quite reasonably, accept the least punitive resolution of a prison administrator's unilateral determination that they have been untruthful in reporting the abuse. Surely, this was not what the Supreme Court had in mind when it established the rule in *Heck*, since such an interpretation of the rule would have the perverse effect of inadvertently preventing adjudication of the substantive constitutional claims by the entity best equipped to do so—the federal courts.

A fair reading of Plaintiffs' second amended complaint reveals that they primarily seek redress for harms caused by *Welch's* alleged actions. Plaintiffs' allegations about the manner in which their reports were disposed of by other prison staff are ancillary to the central claims of repeated sexual assault. Proof of Plaintiffs' original reports, in August 2013, of the "unlawfulness" of Welch's actions would not have "render[ed] [any] conviction or sentence invalid." *See Heck*, 512 U.S. at 486. Thus, the conduct forming

---

[3] Here, the Court presumes that the average prisoner-claimant is unaware of the *Heck-Edwards* line of cases and the potential impact that precedent may have upon the viability of her claim.

the basis of the instant § 1983 claims does not "bear[] [a] relationship to a conviction or sentence" in the way that *Heck* envisioned as being impermissible. *See id.* at 487. In the interim between their initial reports and the filing of this § 1983 action, Plaintiffs were faced with disciplinary proceedings in which the charges clearly reflected prison officials' view that Plaintiffs' allegations lacked veracity. But superimposing the imprimatur of disciplinary proceedings onto prison officials' summary disposal of Plaintiffs' claims does not, of itself, transform the nature of those claims from an averment of bodily and emotional harm into a collateral attack on the disciplinary proceedings. Plaintiffs' claims are now, and always have been, that their constitutional rights were violated when they were sexually assaulted by a prison guard that had virtually unchecked power over their wellbeing. To construe those claims as primarily a collateral attack on a disciplinary sanction for lying would be to elevate form over substance, and the undersigned declines to do so.

In *Edwards*, the Supreme Court extended *Heck* to prison disciplinary proceedings, and held that a state prisoner who brought an action alleging certain due process violations *occurring within* a disciplinary hearing that resulted in his loss of good-time credit had not set forth a cognizable claim under § 1983. *Edwards*, 520 U.S. at 648. *Edwards* is distinguishable. The plaintiff in *Edwards* sought § 1983 relief based on his assertion that the *procedures* used to deprive him of good-time credit were improper. *See id.* at 643 ("[The plaintiff] filed the present § 1983 action alleging that the procedures used in his disciplinary proceeding violated his Fourteenth Amendment due process rights."). In other words, the plaintiff's § 1983 claims were a collateral attack on the disciplinary hearing itself, and bore the precise relationship to that proceeding that *Heck* proscribed. As already stated, Plaintiffs' allegations that their reports of sexual assault

9

were handled inappropriately are peripheral to the substance of their claims that they were abused by Welch. Accordingly, *Edwards* does not operate to bar the instant § 1983 claims.

Defendants encourage the Court to rely upon the holding in *Lewis v. Richards* to find that Plaintiffs' § 1983 claims cannot be viable until their disciplinary sanction for lying has first been invalidated. *Lewis* is non-binding and the Court finds its application to the instant case inapt. In *Lewis*, the plaintiff brought § 1983 claims against correctional officers for violation of his Eight Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to three separate sexual assaults he suffered while in custody. 107 F.3d 549, 551 (7th Cir. 1997). With regard to the first two attacks, the Seventh Circuit found that the plaintiff failed to present sufficient evidence that the correctional officers had knowledge his safety was in jeopardy to survive summary judgment on the deliberate indifference claim. *Id.* at 553. With respect to the third attack, the court applied *Heck* and found that the plaintiff's claim was not cognizable under § 1983 because, after being apprehended by the warden of the psychiatric unit where the incident occurred, the plaintiff and three other inmates had been charged with the offense of participating in consensual sexual activity and found guilty of that offense after a disciplinary hearing. *Id.* at 552, 555. *Lewis* is distinguishable from the instant facts because the plaintiff's § 1983 claim regarding the third sexual assault was so clearly a collateral attack on the result of the substance of the disciplinary hearing. For the reasons already explained, that is not the true of the unique circumstances present in this case.

Finally, the Court finds it appropriate that further discovery be permitted into the potentially coercive nature of the manner in which Plaintiffs' disciplinary proceedings

were handled. This is not to be construed as any opinion from the Court that the proceedings were in fact coercive. Rather, the matter is recommitted to the Magistrate Judge to permit Plaintiffs a limited, but reasonable, additional period of time in which to develop the record in this regard.

## CONCLUSION

After careful consideration of the Report, the record, and the relevant law, the Court adopts the Report in part and incorporates it herein to the extent not inconsistent, sustains Plaintiffs' objections regarding the application of *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny to bar Plaintiffs' § 1983 claims, and recommits the matter with instructions. It is, therefore, ORDERED that Defendants' motion for summary judgment (ECF No. 46) is GRANTED IN PART, as to all the official capacity claims and as to Defendants Grisset, Dorsey, Scott, Miller, Bryant, Taylor, and Brevard, and DENIED IN PART, as to the remainder of Plaintiffs' § 1983 claims. Defendants Grisset, Dorsey, Scott, Miller, Bryant, Taylor, and Brevard are dismissed from this action.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 12, 2018
Charleston, South Carolina